[Doc. No. 14]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| BARBARA COOK,<br><br>    Plaintiff,<br><br>  v.<br><br>SOFT SHEEN CARSON, INC., et al.,<br><br>    Defendants. | Civil No. 08-1542-RBK-AMD |

**ORDER**

This matter comes before the Court by way of motion [Doc. No. 14] of Defendant L'Oreal USA Inc. seeking to compel non-party Graves Derma Care to comply with a subpoena that was served on or about December 18, 2007. The Court has reviewed the submissions of Defendant and notes that no opposition to the motion has been filed. Having considered this matter pursuant to FED. R. CIV. P. 78, and for the reasons set forth below and good cause shown, the Court grants Defendant's motion to compel.[1]

Plaintiff instituted this litigation by filing a complaint in the Superior Court of New Jersey, Law Division, Camden County on April 25, 2007. (See Def. L'Oreal USA Inc.'s Mot. to Compel Graves

---

1. Defendant previously filed a similar motion to compel Graves Derma Care to comply with the subpoena, which the Court denied without prejudice by Order dated May 27, 2008 because the moving papers did not indicate that the motion had been served on Graves Derma Care.

Derma Care to Comply with Previously Served Valid Subpoena for Records (hereinafter "Def. Mot."), ¶ 1; see also Notice of Removal, Ex. A.)  In her complaint, Plaintiff alleges that on April 28, 2005, she was burned, injured or scarred by a hair straightening product purportedly manufactured, distributed or placed into the stream of commerce by Defendant. (See Notice of Removal, Ex. A, ¶¶ 1-2.)  Plaintiff represented in her answers to Defendant's interrogatories that she was treated for her alleged injuries by three physicians, including Dr. Vaughan C. Graves at Graves Derma Care Center.  (Def. Mot., Ex. B.)  In light of such information, Defendant sent a letter to Plaintiff's counsel on or about November 19, 2007 advising of its intent to serve a subpoena on Graves Derma Care.  (Def. Mot., ¶ 4.)  Having received no opposition from Plaintiff's counsel, Defendant represents that it served a subpoena for records on Graves Derma Care on or about December 18, 2007. (Id. at ¶ 5.)  However, Graves Derma Care purportedly failed to respond to the subpoena, notwithstanding two follow-up letters from defense counsel to Graves Derma Care, dated February 12, 2008 and March 26, 2008, seeking a response to the subpoena.  (Id. at ¶¶ 6, 7.)  Defense counsel also represents that she left "multiple messages" at Graves Derma Care, and was advised by Leslie Graves that she had received the subpoena but "did not know when she would be able to provide the records."  (Id. at ¶ 8.)

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, a non-party may be compelled by subpoena to produce documents or to permit an inspection of records.  See FED. R. CIV. P. 34(c); FED. R.

CIV. P. 45(d). Rule 45 also contains certain protections to ensure that a non-party is not subject to "undue burden or expense" in responding to a subpoena. See generally FED. R. CIV. P. 45(c). The Rule thus provides that the Court, upon motion, must quash a subpoena where it (I) fails to allow reasonable time for compliance, (ii) requires a non-party to travel more than 100 miles from where that person resides, is employed, or regularly transacts business, (iii) requires disclosure of privileged or protected matter, if no exception or waiver applies, or (iv) subjects a person to "undue burden." FED. R. CIV. P. 45(c)(3)(A). In addition, if a subpoena served in conjunction with discovery falls outside the scope of permissible discovery pursuant to Rule 26 of the Federal Rules of Civil Procedure, the Court has the authority to quash or modify it upon motion. Schmulovich v. 1161 Rt. 9 LLC, Civil Action No. 07-597, 2007 WL 2362598, at *2 (D.N.J. Aug. 15, 2007).

In the present case, Defendant seeks Plaintiff's medical records regarding treatment Plaintiff received at Graves Derma Care for injuries allegedly sustained from a product purportedly manufactured, distributed or placed into the stream of commerce by Defendant. The Court finds that medical records concerning treatment Plaintiff received for the injuries alleged in her complaint fall within the scope of relevant discovery under FED. R. CIV. P. 26(b)(1). The Court also notes that neither Graves Derma Care nor Plaintiff has opposed the present motion to compel or

sought to quash the subpoena.[2]

CONSEQUENTLY,

IT IS on this 6th day of August, 2008:

**ORDERED** that Defendant's motion to compel Graves Derma Care to comply with the subpoena served on or about December 18, 2007 shall be, and hereby is, **GRANTED**; and it is further

**ORDERED** that Graves Derma Care shall release to Defendant by no later than September 5, 2008 copies of the medical records of Plaintiff relating to treatment she received for injuries allegedly sustained on or about April 28, 2005.

```
                               s/ Ann Marie Donio
                               ANN MARIE DONIO
                               UNITED STATES MAGISTRATE JUDGE
```

cc: Hon. Robert B. Kugler

---

2. Although not addressed in Defendant's motion to compel or memorandum of law in support of the motion, the exhibits attached to the motion raise the applicability of the Health Insurance Portability and Accountability Act of 1996 (hereinafter "HIPAA") to the release of Plaintiff's medical records.  In a letter to Graves Derma Care dated December 18, 2007, defense counsel represented that she provided notice in accordance with HIPAA regulation 45 C.F.R. 164.512(e) to Plaintiff regarding Defendant's intent to obtain Plaintiff's medical records.  (Def. Mot., Ex. E.)  In the letter, defense counsel also represented that counsel for Plaintiff had no objection to service of the subpoena on Graves Derma Care.  (Id.)  The Court makes no finding as to whether the notice provided to Plaintiff was in compliance with HIPAA.  The Court notes, however, that Plaintiff has not opposed Defendant's motion to compel Graves Derma Care to produce her medical records and thus appears to authorize the release of such records to Defendant for purposes of this litigation. Therefore, the Court will compel Graves Derma Care to release any medical records of Plaintiff relating to treatment she received for injuries allegedly sustained on or about April 28, 2005.