NOT FOR PUBLICATION                                    (Docket Nos. 12, 15, 26)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

—————————————————————
                                              :
BARBARA COOK,                                 :
                                              :
                      Plaintiff,              :      Civil No. 08-1542 (RBK)
                                              :
          v.                                  :      **OPINION**
                                              :
SOFT SHEEN CARSON, Inc., et al.               :
                                              :
                      Defendants.             :
—————————————————————  :

**KUGLER**, UNITED STATES DISTRICT JUDGE:

       This case, having been removed from the Superior Court of New Jersey by Defendant

L'Oreal USA, Inc. ("L'Oreal"), comes before the Court on the motion of Plaintiff Barbara Cook

("Plaintiff") to remand.  Because this Court finds that it may appropriately exercise jurisdiction,

Plaintiff's motion to remand will be denied.

**I.       BACKGROUND**

       Plaintiff Barbara Cook is a citizen of New Jersey.  Defendants in this matter were initially

(1) Soft Sheen Carson, Inc. ("Soft Sheen"), (2) L'Oreal, a Delaware corporation with its principal

place of business in New York, (3) Marlton Discount ("Marlton"), an entity having its principal

place of business in New Jersey, (4) Carson Products Company ("Carson"), and various other

unnamed defendants.  The defendants in this case, as described in the Complaint and Notice of

Removal, shall be referred to collectively as "the original Defendants."

       Plaintiff filed her initial Complaint in the Superior Court of New Jersey, Law Division,

1

Camden County, on April 16, 2007.  Plaintiff claimed that she was injured by an unnamed hair-straightening product manufactured and distributed by the original Defendants.  Plaintiff alleges that as a result of her use of the product, she sustained head injuries, namely scalp burns and scars.  She demanded damages against each of the original Defendants individually and against all of the original Defendants jointly and severally.

On March 6, 2008, Plaintiff and Defendants L'Oreal and Marlton signed a stipulation agreeing to dismiss Marlton as a defendant in the matter.[1]  On March 27, 2008, L'Oreal removed the matter to this Court by filing a Notice of Removal pursuant to 28 U.S.C. §§ 1441, 1446.  L'Oreal removed the case pursuant to 28 U.S.C. § 1332, as upon Marlton's dismissal as a defendant, there was complete diversity between the parties; Plaintiff was alleged to be a citizen of New Jersey, and L'Oreal is a Delaware corporation having its principal place of business in New York.  Upon an Order issued by this Court requiring L'Oreal to allege the citizenship of each party in conformance with the requirements of the statute, L'Oreal filed an Amended Notice of Removal on April 21, 2008.  Plaintiff then filed a motion to remand the case back to the Superior Court, arguing that removal of this matter was improper because: (1) the timing of L'Oreal's Notice of Removal suggests that L'Oreal is engaging in forum shopping; (2) L'Oreal is actually domiciled in New Jersey, thus making removal improper per the forum defendant rule; (3) the principles of judicial economy and cooperative federalism favor remanding the case back to state court; and (4) the state court judge had previously made rulings on substantive issues in the case, thereby suggesting that L'Oreal had evinced its clear and unequivocal intent to waive its

---

[1]When Defendant L'Oreal filed its Notice of Removal in this Court, it attached an affidavit signed by its Associate General Counsel asserting that Soft Sheen and Carson are no longer existing corporate entities having been merged out of existence.

right to remove this case.


II.     **DISCUSSION**

   A.     **Standard for Removal**

Under 28 U.S.C. § 1441(a), a defendant may remove an action filed in state court to a federal court with original jurisdiction over the action.  Once an action is removed, a plaintiff may challenge removal by making a motion to remand the case back to state court.  See 28 U.S.C. § 1447(c).  To defeat a plaintiff's motion to remand, the removing defendant bears the burden of showing that the federal court has jurisdiction to hear the case.  Abels v. State Farm Fire & Casualty Co., 770 F.2d 26, 29 (3d Cir. 1995).  Where the decision to remand is a close one, district courts are encouraged to err on the side of remanding the case back to state court.  See Id. at 29 ("Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand."); Glenmede Trust Co. v. Dow Chemical Co., 384 F. Supp. 423, 433-34 (E.D. Pa. 1974) ("It is well settled that district courts should remand close or doubtful cases for two reasons.  First, remand will avoid the possibility of a later determination that the district court lacked jurisdiction and, secondly, remand is normally to a state court which clearly has jurisdiction to decide the case.").

A case based on state law, as the current matter is, may be removed to federal court if (1) the federal district court has original diversity jurisdiction (because the amount in controversy exceeds $75,000, and there is complete diversity of citizenship between the plaintiffs and defendants), 28 U.S.C. § 1332, and (2) none of the parties properly joined and served at the time

of the removal are citizens of the forum state, 28 U.S.C. § 1441(b).

**B.     Analysis**

1.     Forum Shopping

Plaintiff argues that L'Oreal is engaging in impermissible forum shopping.  Plaintiff contends that because L'Oreal removed this case close to the one-year deadline for removal under 28 U.S.C. § 1446(b), its intention in removing the matter was to find a more favorable forum for its case.  The Court disagrees with this argument as a basis for remand.

The procedural requirements for removal are set forth in 28 U.S.C. § 1446.  The statute requires that a defendant seeking to remove a case to federal court do so within 30 days of receiving the "initial pleading setting forth the claim for relief upon which such action or proceeding is based," or if the case is not initially removable, file notice of removal within 30 days of receiving the "paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b).  However, the statute prohibits the removal of a case "on the basis of jurisdiction conferred by section 1332 . . . more than one year after commencement of the action."  Id.

L'Oreal asserts, and the Court agrees, that the dismissal of Defendant Marlton made the case removable under § 1446(b) because complete diversity then existed between the parties.  A stipulation dismissing a non-diverse defendant from a case may satisfy the first timing requirement of § 1446(b).  See Eyal Lior v. Sit, 913 F. Supp. 868, 877-78 (D.N.J. 1996). L'Oreal filed its Notice of Removal on March 27, 2008, within 30 days of the date Defendant Marlton was dismissed from the case.  L'Oreal complied with the statutory requirement that a defendant seeking to remove do so within 30 days of receiving the paper from which it may be

4

ascertained that the case is removable.

L'Oreal filed its Notice of Removal within one year of the commencement of this action in the Superior Court, thus complying with that requirement of § 1446(b). Plaintiff filed her complaint on April 16, 2007, and L'Oreal filed its Notice of Removal on March 27, 2008. As such, the second timing requirement of § 1446(b) is satisfied, regardless of the temporal proximity of the Notice of Removal and the one year deadline prescribed by the statute.

The Court is mindful of Plaintiff's argument that there is a strong federal policy against forum-shopping. Nonetheless, the Court cannot read additional language into the removal statute; under § 1446(b), removal is only prohibited in the year following the commencement of the action if a defendant files its notice of removal more than 30 days after receiving the paper making the case removable. L'Oreal, in waiting almost a year to file its Notice of Removal in this Court, complied with the statutory requirements for removal. Plaintiff does not point to any evidence to suggest that L'Oreal engaged in impermissible forum shopping when it complied with the requirements of the removal statute. Accordingly, the Court will not remand the case on these grounds.

2.    The Forum Defendant Rule

Plaintiff's Motion to Remand seems to argue that because L'Oreal is domiciled in New Jersey, the forum state in this case, removal was improper. 28 U.S.C. § 1441(b) requires that in an action where the district court's jurisdiction is based upon diversity of the parties, removal is proper only if none of the parties properly joined and served are citizens of the forum state. Plaintiff contends that L'Oreal is domiciled in New Jersey, and although that may or may not be so, the statute prohibits removal if a properly joined and served party is a "citizen" of the forum

state.  Under 28 U.S.C. § 1332(c)(1), a corporate defendant is deemed to be a citizen of the state in which it is incorporated and of the state where it maintains its principal place of business.  In its Amended Notice of Removal, L'Oreal alleged that it was a company incorporated in Delaware, with its principal place of business in New York.  Because the Court is satisfied that L'Oreal is not a citizen of New Jersey, the Court is not convinced that L'Oreal's citizenship makes removal improper according to 28 U.S.C. § 1441(b).

In support of her Motion to Remand on this basis, Plaintiff cites only to Korea Exchange Bank, N.Y. Branch v. Trackwise Sales Corp., 66 F.3d 46 (3d Cir. 1995).  In that case, however, there was no dispute that the removing defendants were citizens of New Jersey, where the action had initially been brought.  Id. at 48.  Here, Plaintiff has made no showing that L'Oreal is a citizen of New Jersey and has not offered any evidence to rebut L'Oreal's assertion that it is a Delaware corporation with its principal place of business in New York.  This Court, therefore, concludes that the requirement of 28 U.S.C. § 1441(b) is satisfied.

### 3.   Principles of Judicial Economy and Cooperative Federalism

Plaintiff argues that allowing removal of this case contravenes "fundamental principles of judicial economy and cooperative federalism."  Pl. Br. at 2-3.[2]  Although the Court is mindful of these critical principles, the executive and legislative branches have enacted statutes articulating the standards to be used in determining whether a defendant may remove a particular case to

---

[2]Plaintiff cites Gov't Employees Ins. Co. v. Dizol, 133 F.3d 1220 (9th Cir. 1998) as support for her proposition.  That case, however, considered whether a district court had constitutional and statutory jurisdiction to hear case brought pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, and whether the district court could entertain the action without sua sponte addressing whether jurisdiction should be declined.  The case did not, at any point, consider the question of a district court's removal jurisdiction or the proper procedures for removal.

federal court.  In particular, 28 U.S.C.§§ 1441, 1446-47 describe the procedures by which a defendant may remove a case to federal court.  L'Oreal complied with the statutory requirements for removal, so this Court will not remand the case on the basis of principles of judicial economy and cooperative federalism.  See Jim Arnold Corp. v. Hydrotech Systems, Inc., 109 F.3d 1567, 1572 (Fed. Cir. 1997) ("[C]onsiderations of judicial economy cannot trump a clear rule of law, particularly one that goes to the very power of the court to decide the case.").  Accordingly, Plaintiff's third argument for remand is rejected.

### 4.    State Court Proceedings

Plaintiff's final argument is predicated upon rulings made in the state court prior to the removal of this case.  Plaintiff argues that because the New Jersey Law Division judge made "substantive rulings" prior to L'Oreal's removal, the case should remain in state court.  Plaintiff points, in particular, to hearings about and rulings made on "multiple discovery matters."

The United States Supreme Court has held that a defendant waives the right to remove a case if the defendant "experiment[s] on [the] case in the state court, and, upon an adverse decision, then transfer[s] it to the Federal court."  Rosenthal v. Coates, 148 U.S. 142 (1892).  The Third Circuit has articulated that the right to removal conferred by 28 U.S.C. §§ 1441, 1446 is an absolute right that is not lost unless the defendant's intent to waive that right is "clear and unequivocal."  See Foster v. Chesapeake Ins. Co., Ltd., 933 F.2d 1207, 1218 (3d Cir. 1991); see also Selvaggi v. Prudential Prop. & Cas. Ins. Co., 871 F. Supp. 815, 817 (E.D. Pa. 1995) (citing cases holding that defendant may lose the right to remove by attempting to secure final judgment in state court); Mancari v. AC & S Co., Inc., et al., 683 F. Supp. 91, 94 (D. Del. 1988); Bryfogle v. Carvel Corp., 666 F. Supp. 730, 733 (E.D. Pa. 1987).

7

Within Third Circuit, the commencement of trial and presentation of evidence has constituted a showing of clear and unequivocal intent to waive the right to remove.  In <u>Mancari</u>, after a "long and arduous pre-trial proceeding," the defendant removed the case after it had gone to trial, and all but the removing defendant had agreed to a settlement with the plaintiff. <u>Mancari</u>, 683 F. Supp. at 95.  In fact, the removing defendant told the court that it was ready to proceed with trial and called a witness.  <u>Id.</u> at 94-95.  The court, applying the "clear and unequivocal" standard, held that the defendant had waived its right to removal by failing to notify the court of its intention to remove and subsequently presenting evidence in the case.  <u>Id.</u> at 95. The court concluded that "it is reasonable . . . that a defendant who continues to present witness or seek other relief from a court during trial evidences a clear and unequivocal intent to waive its right to remove."  <u>Id.</u>

Plaintiff has not presented any evidence like that in <u>Mancari</u> in support of her contention that L'Oreal has waived the right to remove.  There is no indication that L'Oreal sought out a final determination on the merits of this case in state court.  The mere fact that L'Oreal has taken some action in state court by filing an answer and conducting discovery will not automatically bar the removal of an action.  <u>Cf.</u> <u>Ardoin v. Stine Lumber Co.</u>, 298 F. Supp. 2d 422, 428 (W.D. La. 2003) (holding removal not barred after defendant engaged in minor discovery matters). Plaintiff has failed to identify any of the state court judge's substantive rulings that would evince L'Oreal's clear and unequivocal intent to waive its right to remove.  Accordingly, the Court rejects Plaintiff's argument that due to the proceedings in state court, this Court should remand the case..

### III.    CONCLUSION

8

For the reasons discussed above, Plaintiff's motion to remand is denied.  An accompanying Order shall issue today.


Dated:___10-15-08_____                                    _/s/ Robert B. Kugler_____
                                                          ROBERT B. KUGLER
                                                          United States District Judge

9